IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENTEX CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 2012-CV-2549 |
| | : | |
| RONALD ABBOTT, | : | JUDGE MANNION |
| HELICOPTERHELMET.COM | : | |
| and HELICOPTER HELMET, | : | |
| LLC, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff Gentex Corporation ("Gentex"), by and through its undersigned counsel, states the following as its Amended Complaint[1] against Defendants Ronald Abbott, HelicopterHelmet.com and Helicopter Helmet, LLC in the above-captioned matter:

---

[1] Gentex filed its original Complaint on December 19, 2012 naming as defendants Ronald Abbott, HelicopterHelmet.com and Helicopter Helmets, LLC. Counsel for Mr. Abbott has since represented that the proper name for the limited liability company is "Helicopter Helmet, LLC" and that company is incorporated in

## PARTIES

1.  Plaintiff Gentex Corporation (referred to hereinafter as "Gentex") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 324 Main Street, Carbondale, Pennsylvania. For more than 60 years, Gentex has engaged in the business of designing and manufacturing life support products for military and other uses.

2.  Defendant Ronald Abbott is an adult individual residing in or around Charleston, South Carolina. Mr. Abbott is a principal in Defendants HelicopterHelmet.com and Helicopter Helmet, LLC.

3.  Defendant HelicopterHelmet.com is an entity engaged in the business of selling helicopter helmets and other equipment via the internet with a principal place of business at 3227 Walter Drive, Building B, John's Island, South Carolina

4.  Defendant Helicopter Helmet, LLC (referred to collectively hereinafter with HelicopterHelmet.com as "Helicopter Helmet") purports to be a limited liability company organized and existing under the laws of the State of Delaware. Gentex files the instant Amended Complaint to amend the name and place of the incorporation. In all other respects, the Amended Complaint is identical to the original Complaint.

Delaware with a principal place of business at 3227 Walter Drive, Building B, John's Island, South Carolina.

## JURISDICTION AND VENUE

5. Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331 and 1338(a) because Gentex's claims arise under federal law and relate to the protection of its trademarks. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Gentex's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

6. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because Defendants' actions have caused substantial damage to Gentex within this district. Specifically, events giving rise to the claims occurred in this district and the Defendants sold infringing goods in this district and caused Gentex to suffer harm in this district.

## FACTUAL BACKGROUND

7. This is an action for injunctive relief and damages arising out of Defendants' unlawful business practices and infringement of Gentex's trademarks.

8. Gentex is a leading manufacturer of flight helmets for pilots and crewmen in both fixed and rotary wing aircraft.

9. Gentex owns and continues to use the trademark "Gentex" in connection with the sale of various life support products, including flight helmets. The "Gentex" trademark is registered in the United States Trademark Office under Registration No. 3505343.

10. In addition, Gentex owns and continues to use a number of trademarks that relate specifically to its helmet products, including the marks "SPH-4" and "SPH-5." These marks, which are registered under Registration Nos. 0991107 and 1490008, respectively, designate the model numbers of two of Gentex's helicopter helmet products.

11. Gentex's marks constitute the valuable and exclusive property of Gentex and, as a result of the high quality of Gentex's products, services, sales and promotion, have become an intrinsic and essential part of the valuable goodwill and property of Gentex, are well known to customers and the trade as identifying helmets manufactured by Gentex and have come to signify products of exceptional quality.

12. Mr. Abbott and Helicopter Helmet are knowingly and willfully infringing on Gentex's marks by using those marks to advertise, promote and sell their competing products. Among other things, Mr. Abbott and Helicopter Helmet advertise their own products as "Generic Gentex" helmets or as "SPH-4B" helmets and claim that their helmets are "Built with Genuine Gentex Parts."

13. In addition to infringing on Gentex's marks, the use of Gentex's marks in this manner suggests incorrectly that Gentex sponsors or is associated with the products advertised and manufactured by Mr. Abbott and Helicopter Helmet when, in fact, Mr. Abbott and Helicopter Helmet are not, and never have been, authorized retailers or distributors of Gentex helmets.

14. The unauthorized use of the Gentex marks has caused and continues to cause substantial confusion among prospective customers and others. Mr. Abbott and Helicopter Helmet take advantage of this confusion by offering to sell "Gentex helmets."

15. While Mr. Abbott and Helicopter Helmet claim to utilize "Genuine Gentex Parts" in manufacturing their counterfeit helmets, they do not disclose to consumers that they are in fact utilizing a small number of Gentex parts and that the vast majority of their helmets are made without Gentex parts or are

made with Gentex parts that are outdated or which Gentex has replaced with superior technology. Consequently, the helmets that are being sold by Mr. Abbott and Helicopter Helmet differ materially from and are substandard to Gentex helmets.

16. Furthermore, Mr. Abbott and Helicopter Helmet misrepresent the quality of their helmets by claiming on their website that their helmets perform to "[s]pecifications based on Original Gentex SPH-4B." In fact, the helmets manufactured by Mr. Abbott and Helicopter Helmet do not satisfy the Gentex performance specifications for SPH-4B helmets.

17. As a result of these unlawful acts, consumers are misled as to the source, sponsorship, origin and quality of the helmets sold by Mr. Abbott and Helicopter Helmet.

18. Defendants' misuse of the Gentex marks has caused and continues to cause substantial monetary losses and damage to Gentex's business reputation and goodwill. In addition, Defendants' unlawful conduct has caused and continues to cause a substantial likelihood of confusion, mistake and deception as to the source and origin of their products and as to their relationship with Gentex.

## COUNT I

## TRADEMARK INFRINGEMENT

## 15 U.S.C. § 1114(1)

19. Paragraphs 1 through 18 of this Complaint are incorporated by reference as if set forth fully herein.

20. Mr. Abbott and Helicopter Helmet are utilizing Gentex's marks in commerce without authorization in connection with their advertising and sale of counterfeit Gentex helmets.

21. The use of Gentex's marks by Mr. Abbott and Helicopter Helmet in connection with the sale of counterfeit helmets has caused, continues to cause and is likely to cause confusion, mistake and deception as to the source and origin of their helmets and to suggest a relationship with Gentex when no such relationship exists.

22. The unauthorized use of the Gentex marks has also caused irreparable damage to the business, reputation and goodwill of Gentex.

WHEREFORE Gentex respectfully requests that this Court enter judgment in its favor and against Mr. Abbott and Helicopter Helmet as follows:

(a) Awarding Gentex compensatory, consequential, statutory, treble and punitive damages including, without limitation, its lost profits,

loss of goodwill and damage to its reputation, together with pre- and post-judgment interest;

   (b) Awarding to Gentex restitution of all money and property unlawfully and unfairly generated by Mr. Abbott and Helicopter Helmet through their unfair and unlawful conduct;

   (c) Awarding Gentex permanent injunctive relief against Mr. Abbott and Helicopter Helmet enjoining them from engaging in the unlawful practices described in this Complaint;

   (d) Awarding Gentex its reasonable attorneys' fees and the costs of this action; and

   (e) Granting such other and further relief as the Court deems appropriate under the circumstances.

## COUNT II

## UNFAIR COMPETITION

## 15 U.S.C. § 1125(a)

23. Paragraphs 1 though 22 of this Complaint are incorporated by reference as if set forth full herein.

24. Mr. Abbott and Helicopter Helmet are misusing Gentex's marks in connection with the advertising and sale of their helmets and are creating a false impression that their helmets have some connection, association or affiliation with Gentex when in fact there is no such connection, association or affiliation.

25. In addition, Mr. Abbott and Helicopter Helmet are falsely representing that their helmets are manufactured with "Genuine Gentex Parts" and that they satisfy the performance specifications associated with authentic Gentex helmets.

26. The deceptions are material and actually deceive or have a tendency to deceive a substantial segment of the relevant audience.

27. Mr. Abbott and Helicopter Helmet have caused and continue to cause their infringing and falsely designated goods to enter commerce.

28.  Gentex has suffered substantial harm and will likely suffer considerable additional harm as a result of the use by Mr. Abbott and Helicopter Helmet of such false descriptions and representations concerning the helmets that they are offering for sale to the public.

WHEREFORE Gentex respectfully requests that this Court enter judgment in its favor and against Mr. Abbott and Helicopter Helmet as follows:

(a)  Awarding Gentex compensatory, consequential, statutory, treble and punitive damages including, without limitation, its lost profits, loss of goodwill and damage to its reputation, together with pre- and post-judgment interest;

(b)  Awarding to Gentex restitution of all money and property unlawfully and unfairly generated by Mr. Abbott and Helicopter Helmet through their unfair and unlawful conduct;

(c)  Awarding Gentex permanent injunctive relief against Mr. Abbott and Helicopter Helmet enjoining them from engaging in the unlawful practices described in this Complaint;

(d)  Awarding Gentex its reasonable attorneys' fees and the costs of this action; and

(e) Granting such other and further relief as the Court deems appropriate under the circumstances.

## COUNT III

## UNFAIR COMPETITION

29. Paragraphs 1 through 28 of this Complaint are incorporated by reference as if set forth fully herein.

30. Mr. Abbott and Helicopter Helmet have advertised and continue to advertise the sale of their helmets using false descriptions and designations of origin and false and misleading descriptions of fact which are likely to deceive as to the origin of those helmets.

31. Gentex has been injured by the false designations and false descriptions of fact.

WHEREFORE Gentex respectfully requests that this Court enter judgment in its favor and against Mr. Abbott and Helicopter Helmet, together with an award of compensatory and punitive damages and such other and further relief as the Court deems appropriate under the circumstances.

## COUNT IV

## UNJUST ENRICHMENT

32. Paragraphs 1 through 31 of this Complaint are incorporated by reference as if set forth fully herein.

33. By misusing the Gentex marks, Mr. Abbott and Helicopter Helmet have been unjustly enriched to the substantial detriment of Gentex.

34. Mr. Abbott and Helicopter Helmet acquired and retained the benefits under such circumstances as make it unjust and inequitable to retain them without paying to Gentex the value of the benefits that they unjustly acquired.

WHEREFORE Gentex respectfully requests that this Court enter judgment in its favor and against Mr. Abbott and Helicopter Helmet, together with

an award of compensatory and punitive damages and such other and further relief as the Court deems appropriate under the circumstances.

                                                Respectfully submitted,

                                                <u>/s/ Donna A. Walsh</u>
                                                Daniel T. Brier
                                                Donna A. Walsh

                                                Attorneys for Plaintiff,
                                                Gentex Corporation

MYERS, BRIER & KELLY, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date: January 22, 2013