## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENTEX CORPORATION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 12-CV-2549** |
| | : | |
| **RONALD ABBOTT,** | : | **JUDGE BRANN** |
| **HELICOPTERHELMET.COM** | : | |
| **and HELICOPTER** | : | |
| **HELMET, LLC,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendants.** | : | **ELECTRONICALLY FILED** |

---

## SECOND AMENDED COMPLAINT

---

Plaintiff Gentex Corporation, by and through its undersigned counsel, and with the written consent of counsel for Defendants pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, states the following as its Second Amended Complaint against Defendants Ronald Abbott, HelicopterHelmet.com and Helicopter Helmet, LLC in the above-captioned matter:

**PARTIES**

1.      Plaintiff Gentex Corporation (referred to hereinafter as "Gentex") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 324 Main Street, Carbondale, Pennsylvania.  For more than 60 years, Gentex has engaged in the business of designing and manufacturing life support products for military and other uses.

2.      Defendant Ronald Abbott is an adult individual residing in or around Charleston, South Carolina.  Mr. Abbott is a principal in Defendants HelicopterHelmet.com and Helicopter Helmet, LLC.

3.      Defendant HelicopterHelmet.com is an entity engaged in the business of selling helicopter helmets and other equipment via the internet with a principal place of business at 3227 Walter Drive, Building B, John's Island, South Carolina.

4.      Defendant Helicopter Helmet, LLC (referred to collectively hereinafter with HelicopterHelmet.com as "Helicopter Helmet") purports to be a limited liability company organized and existing under the laws of the State of South Carolina with a principal place of business at 3227 Walter Drive, Building

2

B, John's Island, South Carolina.

## JURISDICTION AND VENUE

5.      Jurisdiction in this Court is proper under 28 U.S.C. §§ 1331 and 1338(a) because Gentex's claims arise under federal law and relate to the protection of its trademarks.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Gentex's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

6.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because Defendants' actions have caused substantial damage to Gentex within this district.  Specifically, events giving rise to the claims occurred in this district and the Defendants sold infringing goods in this district and caused Gentex to suffer harm in this district.

## FACTUAL BACKGROUND

7.      This is an action for injunctive relief and damages arising out of Defendants' unlawful business practices and infringement of Gentex's trademarks.

8.     Gentex is a leading manufacturer of flight helmets for pilots and crewmen in both fixed and rotary wing aircraft.

9.     Since at least as early as 1953, Gentex has continuously used the trademark "Gentex" in connection with the sale of various life support products, including flight helmets and helmet parts.  Gentex owns U.S. Trademark Registration Nos. 606,758 and 3,505,343 for the "Gentex" trademark in connection with pilot protective helmets and helmet parts.  The registrations were issued by the U.S. Patent and Trademark Office and Registration No. 606,758 is incontestable under 15 U.S.C. § 1065.

10.     Since as early as 1965, Gentex has used the trademark SPH to designate different models of its helmet products.  For example, Gentex has numbered different models of its helmets as SPH-3, SPH-4, SPH-4B and SPH-5.

11.     Through its extensive use and promotion of the SPH-3, SPH-4, SPH-4B and SPH-5 marks, Gentex established a family of "SPH" marks which create public perception that "SPH" designates Gentex's helmets and helmet parts.

12.     Gentex owns U.S. Trademark Registration No. 991,107 for the "SPH-4" mark in connection with helmets and parts thereof and No. 1,490,008 for

4

the "SPH-5" mark in connection with safety helmets for military use, both of

which were issued by the U.S. Patent and Trademark Office and are now

incontestable under 15 U.S.C. § 1065.

13.     The "Gentex" mark and the family of "SPH" marks (referred to

hereinafter as the "Gentex Marks") constitute the valuable and exclusive property

of Gentex and, as a result of the high quality of Gentex's products, services, sales

and promotion, have become an intrinsic and essential part of the valuable

goodwill and property of Gentex, are well known to customers and the trade as

identifying helmets manufactured by Gentex and have come to signify products of

exceptional quality.

14.     Mr. Abbott and Helicopter Helmet are knowingly and willfully

infringing on Gentex's Marks by using those marks to advertise, promote and sell

their competing products.  Among other things, Mr. Abbott and Helicopter Helmet

advertise their own products as "Generic Gentex" helmets or as "SPH-4B" helmets

and claim that their helmets are "Built with Genuine Gentex Parts."

15.     In addition to infringing on Gentex's Marks, the use of Gentex's

Marks in this manner suggests incorrectly that Gentex sponsors or is associated

with the products advertised and manufactured by Mr. Abbott and Helicopter

Helmet when, in fact, Mr. Abbott and Helicopter Helmet are not, and never have

been, authorized retailers or distributors of Gentex helmets.

16.     The unauthorized use of the Gentex Marks has caused and

continues to cause substantial confusion and the likelihood of confusion among

prospective customers and others.  Mr. Abbott and Helicopter Helmets take

advantage of this confusion by offering to sell "Gentex helmets."

17.     While Mr. Abbott and Helicopter Helmet claim to utilize

"Genuine Gentex Parts" in manufacturing their counterfeit helmets, they do not

disclose to consumers that they are in fact utilizing a small number of Gentex parts

and that the vast majority of their helmets are made without Gentex parts or are

made with Gentex parts that are outdated or which Gentex has replaced with

superior technology.  Consequently, the helmets that are being sold by Mr. Abbott

and Helicopter Helmet differ materially from and are substandard to Gentex

helmets.

18.     Furthermore, Mr. Abbott and Helicopter Helmet misrepresent the quality of their helmets by claiming on their website that their helmets perform to "[s]pecifications based on Original Gentex SPH-4B." In fact, the helmets manufactured by Mr. Abbott and Helicopter Helmet do not satisfy the Gentex performance specifications for SPH-4B helmets.

19.     As a result of these unlawful acts, consumers are misled as to the source, sponsorship, origin and quality of the helmets sold by Mr. Abbott and Helicopter Helmet, as well the safety characteristics of those products.

20.     Defendants' unauthorized use of the Gentex Marks has caused and continues to cause substantial monetary losses and damage to Gentex's business reputation and goodwill. In addition, Defendants' unlawful conduct has caused and continues to cause a substantial likelihood of confusion, mistake and deception as to the source and origin of their products and as to their relationship with Gentex.

# COUNT I

## TRADEMARK INFRINGEMENT

### 15 U.S.C. § 1114(1)

21.    Paragraphs 1 through 20 of this Second Amended Complaint are incorporated by reference as if set forth fully herein.

22.    Mr. Abbott and Helicopter Helmet are utilizing Gentex's registered marks in commerce without authorization in connection with their advertising and sale of helmets.

23.    The use of Gentex's registered marks by Mr. Abbott and Helicopter Helmet in connection with the sale of helmets has caused, continues to cause and is likely to cause confusion, mistake and deception as to the source and origin of their helmets and to suggest a relationship with Gentex when no such relationship exists.

24.    The unauthorized use of the Gentex registered marks has also caused irreparable damage to the business, reputation and goodwill of Gentex.

WHEREFORE Gentex respectfully requests that this Court enter judgment in its favor and against Mr. Abbott and Helicopter Helmet as follows:

(a)    Awarding Gentex compensatory, consequential, statutory, treble and punitive damages including, without limitation, its lost profits, loss of goodwill and damage to its reputation, together with pre- and post-judgment interest;

(b)    Awarding to Gentex restitution of all money and property unlawfully and unfairly generated by Mr. Abbott and Helicopter Helmet through their unfair and unlawful conduct;

(c)    Awarding Gentex permanent injunctive relief against Mr. Abbott and Helicopter Helmet enjoining them from engaging in the unlawful practices described in this Second Amended Complaint;

(d)    Awarding Gentex its reasonable attorneys' fees and the costs of this action; and

(e)    Granting such other and further relief as the Court deems appropriate under the circumstances.

## COUNT II

## UNFAIR COMPETITION

## 15 U.S.C. § 1125(a)

25.     Paragraphs 1 though 24 of this Second Amended Complaint are incorporated by reference as if set forth fully herein.

26.     Mr. Abbott and Helicopter Helmet are misusing Gentex's Marks in connection with the advertising and sale of helmets and are creating a false impression that their helmets have some connection, association or affiliation with Gentex when in fact there is no such connection, association or affiliation. This has caused, continues to cause and is likely to cause confusion, mistake and deception as to the source and origin of their helmets.

27.     In addition, Mr. Abbott and Helicopter Helmet are falsely representing that their helmets are manufactured with "Genuine Gentex Parts" and that they satisfy the performance specifications associated with authentic Gentex helmets.

28.     The deceptions are material and actually deceive and have a tendency to deceive a substantial segment of the relevant audience.

29.     Mr. Abbott and Helicopter Helmet have caused and continue to cause their infringing and falsely designated goods to enter commerce.

30.     Gentex has suffered substantial harm and will likely suffer considerable additional harm as a result of the use by Mr. Abbott and Helicopter Helmet of such false descriptions and representations concerning the helmets that they are offering for sale to the public.

WHEREFORE Gentex respectfully requests that this Court enter judgment in its favor and against Mr. Abbott and Helicopter Helmet as follows:

(a)     Awarding Gentex compensatory, consequential, statutory, treble and punitive damages including, without limitation, its lost profits, loss of goodwill and damage to its reputation, together with pre- and post-judgment interest;

(b)     Awarding to Gentex restitution of all money and property unlawfully and unfairly generated by Mr. Abbott and Helicopter Helmet through their unfair and unlawful conduct;

(c)     Awarding Gentex permanent injunctive relief against

11

Mr. Abbott and Helicopter Helmet enjoining them from engaging in the unlawful practices described in this Second Amended Complaint;

        (d)    Awarding Gentex its reasonable attorneys' fees and the costs of this action; and

        (e)    Granting such other and further relief as the Court deems appropriate under the circumstances.

## COUNT III

## UNFAIR COMPETITION

31.    Paragraphs 1 through 30 of this Second Amended Complaint are incorporated by reference as if set forth fully herein.

32.    Mr. Abbott and Helicopter Helmet have advertised and continue to advertise the sale of their helmets using false descriptions and designations of origin and false and misleading descriptions of fact which are likely to deceive as to the origin of those helmets.

33.    Gentex has been injured by the false designations and false descriptions of fact.

WHEREFORE Gentex respectfully requests that this Court enter judgment in its favor and against Mr. Abbott and Helicopter Helmet, together with an award of compensatory and punitive damages and such other and further relief as the Court deems appropriate under the circumstances.

## COUNT IV

### UNJUST ENRICHMENT

34.     Paragraphs 1 through 33 of this Second Amended Complaint are incorporated by reference as if set forth fully herein.

35.     By misusing Gentex's Marks, Mr. Abbott and Helicopter Helmet have been unjustly enriched to the substantial detriment of Gentex.

36.     Mr. Abbott and Helicopter Helmet acquired and retained the benefits under such circumstances as make it unjust and inequitable to retain them without paying to Gentex the value of the benefits that they unjustly acquired.

WHEREFORE Gentex respectfully requests that this Court enter judgment in its favor and against Mr. Abbott and Helicopter Helmet, together with an award of compensatory and punitive damages and such other and further relief

as the Court deems appropriate under the circumstances.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT

37.     Paragraphs 1 through 36 of this Second Amended Complaint are incorporated by reference as if set forth fully herein.

38.     Gentex has a valid and legally protectible ownership interest in the "Gentex," "SPH," "SPH-4," "SPH-4B" and "SPH-5" marks based on its longstanding use of the marks in commerce which predates the acts of infringement by Mr. Abbott and Helicopter Helmet described herein.

39.     Mr. Abbott and Helicopter Helmet have used the "Gentex," "SPH," "SPH-4," "SPH-4B" and "SPH-5" marks without authorization in connection with the advertisement and sale of helmets and helmet products that are in competition with products manufactured by Gentex.

40.     The unauthorized use of the Gentex Marks by Mr. Abbott and Helicopter Helmet has caused and will continue to cause a likelihood of confusion and actual confusion among customers regarding the source and origin of

Helicopter Helmet's helmets and the relationship between Gentex and Mr. Abbott and Helicopter Helmet.

41.     The unauthorized use of the Gentex Marks by Mr. Abbott and Helicopter Helmet LLC was willful, wanton and intentional and continued despite express direction to cease misusing the marks and therefore Gentex is entitled to an award of punitive damages.

WHEREFORE Gentex respectfully requests that this Court enter judgment in its favor and against Mr. Abbott and Helicopter Helmet, together with an award of compensatory and punitive damages and such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh

Attorneys for Plaintiff,
Gentex Corporation

MYERS, BRIER & KELLY, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date: March 21, 2014

15

## CERTIFICATE OF SERVICE

I, DONNA A. WALSH, hereby certify that a true and correct copy of the foregoing Second Amended Complaint was served upon the following counsel of record via the Court's ECF system on this 21st day of March, 2014:

Edward T. Fenno, Esquire
Christina B. Humphries, Esquire
Fenno Law Firm LLC
171 Church Street, Suite 160
Charleston, SC 29401

Bruce J. Chasan, Esquire
Law Offices of Bruce J. Chasan, LLC
1500 J.F.K. Boulevard
Two Penn Center - Suite 312
Philadelphia, PA 19102

Eric N. Mahler, Esquire
Kelly M. Ciravolo, Esquire
Mahler Law Firm LLC
575 Pierce Street, Suite 501
Kingston, PA 18704

/s/ Donna A. Walsh