## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENTEX CORPORATION,** | : | **NO.:  2012-CV-2549** |
| | : | **(JUDGE BRANN)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **ELECTRONICALLY FILED** |
| | : | |
| **RONALD ABBOTT,** | : | |
| **HELICOPTERHELMET.COM** | : | |
| **and HELICOPTER HELMET** | : | |
| **LLC,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

---

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT RONALD ABBOTT TO PLAINTIFF'S SECOND AMENDED COMPLAINT (DKT. NO. 61)

---

Ronald Abbott ("Abbott"), through his counsel, answers and counterclaims with respect to the Second Amended Complaint filed by Plaintiff (Dkt. No. 61) as set forth below.  Unless specifically admitted, Abbott denies each of the allegations in Plaintiff's Second Amended Complaint.

### PARTIES

1.     Abbott is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies such allegations.

2.      Abbott admits that he is an adult individual living and residing in or around Charleston, South Carolina, and that he is a member of Helicopter Helmet LLC ("Helicopter Helmet"), but denies the remaining allegations of Paragraph 2.

3.      Abbott denies the allegations of Paragraph 3.  Helicopter Helmet owns and operates a website at the domain www.helicopterhelmet.com, through which it engages the business of selling and repairing aviation-related flight suits, helmets, accessories, equipment, survival gear, law enforcement equipment and gear, and emergency medical service equipment and gear, and life raft rentals. As such, HelicopterHelmet.com is a trademark and a "d/b/a" of Helicopter Helmet, but is not itself a distinct entity.

4.      Abbott admits that Helicopter Helmet has a principal place of business at 3227 Walter Drive, Building B, Johns Island, South Carolina, but denies the remaining allegations of Paragraph 4, including but not limited to the implication that HelicopterHelmet.com is an entity distinct from Helicopter Helmet and the allegation that Helicopter Helmet is a limited liability company organized and existing under the laws of the State of South Carolina.

## JURISDICTION AND VENUE

5.      Paragraph 5 contains conclusions of law or legal characterizations to which no responsive pleading is required.  To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 5.

6.     Paragraph 6 contains conclusions of law or legal characterizations to which no responsive pleading is required.  To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 6.

## FACTUAL BACKGROUND

7.     Abbott admits that Plaintiff asserts claims for unlawful business practices and trademark infringement, but denies that Abbott performed any such conduct, that damages of any kind were actually incurred in this case or that any relief is warranted and denies the remaining allegations of this paragraph.

8.     Abbott admits the allegations in Paragraph 8.

9.     Abbott admits that Plaintiff uses the term "Gentex" in connection with flight helmets and various other life support products, and that the term "GENTEX" is registered in the U.S. Patent and Trademark Office under Registration Nos. 606,758 and 3,505,343, but denies that the term is entitled to trademark protection and denies all remaining allegations of this paragraph.

10.     Abbott denies that the term "SPH" is entitled to trademark protection. After reasonable investigation, Abbott is without information sufficient to admit or deny that Gentex has used "SPH" since 1965 to designate different models of helmet products.  Abbott admits that Gentex numbered different models of its helmets as SPH-3, SPH-4, SPH-4B and SPH-5.  Abbott denies all remaining allegations of this paragraph.

11.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 11.

12.     Abbott admits that the mark "SPH-4" is registered with the U.S. Patent and Trademark Office under Registration No. 991,107, but denies that the term is entitled to trademark protection.  Abbott also admits that the mark "SPH-5" is registered with the U.S. Patent and Trademark Office under Registration No. 1,490,008, but denies that the term is entitled to trademark protection.   Plaintiff's averment that these marks are now incontestable is a conclusion of law that does not require a response, and to the extent that a response is required Abbott denies the averment.  To the extent that a responsive pleading is required, Abbott denies all remaining allegations of Paragraph 12.

13.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 13 and incorporates by reference his responses to averment nos. 9-12 above, as if fully set forth.

14.     Abbott admits that Helicopter Helmet has used the phrases "Generic Gentex" and "SPH-4B" to describe products that it has sold.  Abbott also admits that Helicopter Helmet has used the phrase "Built with Genuine Gentex Parts" to describe helmets that it builds that contain genuine Gentex parts.  To the extent that a responsive pleading is required, Abbott denies all remaining allegations in Paragraph 14.

15.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 15.

16.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 16.

17.     Abbott admits that Abbott and Helicopter Helmet utilize genuine Gentex parts in manufacturing some helmets.  To the extent that a responsive pleading is required, Abbott denies all remaining allegations in Paragraph 17.

18.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 18.

19.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 19.

20.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 20.

## COUNT I
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

21.     Abbott reincorporates his answers to Paragraphs 1 through 20 as if set forth fully herein.

22.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 22.

23.     Abbott denies the allegations in Paragraph 23.

24.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 24.

Abbott denies the allegations contained in Plaintiff's un-numbered prayer for relief following Paragraph 24.  Specifically, Abbott denies that Plaintiff is entitled to judgment in its favor or is entitled to recover any relief from Abbott.

**COUNT II**
**UNFAIR COMPETITION**
**15 U.S.C. § 1125(a)**

25.     Abbott reincorporates his answers to Paragraphs 1 through 24 as if set forth fully herein.

26.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 26.

27.     Abbott denies the allegations in Paragraph 27.

28.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 28.

29.     Abbott admits that Helicopter Helmet causes goods to enter commerce, but to the extent that a responsive pleading is required, Abbott denies the remaining allegations in Paragraph 29.

30.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 30.

Abbott denies the allegations contained in Plaintiff's un-numbered prayer for relief following Paragraph 30.  Specifically, Abbott denies that Plaintiff is entitled to judgment in its favor or is entitled to recover any relief from Helicopter Helmet.

## COUNT III
## UNFAIR COMPETITION

31.    Abbott reincorporates his answers to Paragraphs 1 through 30 as if set forth fully herein.

32.    To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 32.

33.    To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 33.

Abbott denies the allegations contained in Plaintiff's un-numbered prayer for relief following Paragraph 33.  Specifically, Abbott denies that Plaintiff is entitled to judgment in its favor or is entitled to recover any relief from Abbott.

## COUNT IV
## UNJUST ENRICHMENT

34.    Abbott reincorporates his answers to Paragraphs 1 through 33 as if set forth fully herein.

35.    To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 35.

36.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 36.

Abbott denies the allegations contained in Plaintiff's un-numbered prayer for relief following Paragraph 36.  Specifically, Abbott denies that Plaintiff is entitled to judgment in its favor or is entitled to recover any relief from Abbott.

**COUNT V**
**COMMON LAW TRADEMARK INRINGEMENT**

37.     Abbott reincorporates his answers to Paragraphs 1 through 36 as if set forth fully herein.

38.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 38.

39.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 39.

40.     To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 40.

41.     This averment is a conclusion of law that does not require a response. To the extent that a responsive pleading is required, Abbott denies the allegations in Paragraph 41.

Abbott denies the allegations contained in Plaintiff's un-numbered prayer for relief following Paragraph 41.  Specifically, Abbott denies that Plaintiff is entitled to judgment in its favor or is entitled to recover any relief from Abbott.

## AFFIRMATIVE DEFENSES

42.    Abbott incorporates by reference the allegations of paragraphs 1-41 of this Answer into each of the following Affirmative Defenses.  Furthermore, the allegations of each of the following Affirmative Defenses are hereby incorporated into each of the other Affirmative Defenses.  Without assuming the burden of proof except as required by law, Abbott pleads the following Affirmative Defenses and mitigating factors:

### First Affirmative Defense
### (Lack of Personal Jurisdiction)

43.    The Court lacks personal jurisdiction over Abbott.  Plaintiff has failed to include in its Second Amended Complaint a statement of the grounds for the Court's jurisdiction over the Defendants.  Plaintiff did not allege that Abbott is subject to the general personal jurisdiction of this Court.  Further, even assuming Plaintiff's allegations to be true, Plaintiff did not allege that Abbott purposefully directed any of the alleged activities from which that this litigation arises from or relates to such conduct at the forum, such that Abbott does not have sufficient minimum contacts for this Court to exercise specific personal jurisdiction over it.

### Second Affirmative Defense
### (Improper Venue)

44.    Venue is improper in the Middle District of Pennsylvania under 28 U.S.C. § 1391(b):  (1) none of the Defendants are residents of this judicial district;

(2) none of the alleged events or omissions giving rise to the claim occurred in the this judicial district, nor is there any property subject to the action in this judicial district; and (3) there is another jurisdiction in which this action may otherwise be brought in which at least one of the defendants is subject to that court's personal jurisdiction.

## Third Affirmative Defense
### (Failure to State a Claim)

45.    The Second Amended Complaint fails to state a claim upon which relief may be granted and fails to meet the pleading requirements of Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  Plaintiff has failed to plead sufficient facts or to specify the actors of specific conduct, such as to put Abbott on notice of the basis for the claims against him.

## Fourth Affirmative Defense
### (Statute of Limitations)

46.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## Fifth Affirmative Defense
### (Failure to Join a Party Under FRCP 19)

47.    Plaintiff has failed to join a party under Rule 19 of the Federal Rules of Civil Procedure, namely Plaintiff's exclusive United States Distributor, Flights Suits d/b/a Gibson & Barnes ("Gibson and Barnes"), a corporation organized and doing business under the laws of California with a principal place of business in

California.  As an exclusive distributor, Gibson and Barnes has an interest relating to the subject of the action and is so situated that disposing of the action in its absence may: (1) as a practical matter impair or impede its ability to protect that interest and/or (2) leave Defendants subject to a substantial risk of incurring double or otherwise inconsistent obligations because of the interest.

## Sixth Affirmative Defense
### (Alleged Marks Are Generic)

48.    Some or all of Plaintiff's alleged trademarks are not entitled to trademark protection because, on information and belief, they have become generic in the field to refer to certain designs of helmet.  For example, upon information and belief, for many years, numerous businesses have manufactured or sold helmets similar to the original designs of Plaintiff's helmets and marketed those helmets as "Generic Gentex," "SPH," "SPH-4B" or "SPH style" helmets.

## Seventh Affirmative Defense
### (Fraud on the USPTO)

49.    Upon information and belief, Plaintiff fraudulently obtained and maintained the registrations and/or the incontestable right to use the alleged trademarks.  For example, upon information and belief, Plaintiff did not disclose to the United States Patent and Trademark Office that the term "SPH" is an acronym for "Sound Protective Helmet."  Upon information and belief, by failing to make

that disclosure to the United States Patent and Trademark Office, Plaintiff obtained the registration for all marks including the term "SPH" fraudulently.

## Eighth Affirmative Defense
### (Abandonment)

50.     Plaintiff has abandoned any trademark rights to some or all of the disputed marks.  For example, upon information and belief, Plaintiff discontinued its line of SPH-3 and SPH-4-style helmets more than five years ago.  Further, upon information and belief, Plaintiff has been aware for many years that numerous businesses have manufactured or sold helmets similar to the original designs of Plaintiff's helmets and marketed those helmets as "Generic Gentex," "SPH," "SPH-4B" or "SPH style" helmets and has failed to enforce its alleged rights in the alleged marks.

## Ninth Affirmative Defense
### (Any Use by Helicopter Helmet Is Descriptive and in Good Faith Only to Describe the Goods/Services of Helicopter Helmet)

51.     Abbott's use, if any, of the terms "Generic Gentex," "SPH," "SPH-4B," "Built with Genuine Gentex Parts," and/or any other use of the terms about which Plaintiff complains in the Second Amended Complaint constitutes a use, otherwise than as a mark, or a term or device, which is descriptive of and used fairly and in good faith only to describe the goods or services of defendants.

## Tenth Affirmative Defense
### (Acquiescence)

52.    Plaintiff's claims are barred in whole or in part by the defense of acquiescence.   Upon information and belief, Plaintiff knew of any allegedly infringing uses of Plaintiff's alleged trademarks by defendants and acquiesced to such use.  For example, on or about May 6, 2011, Plaintiff and Helicopter Helmet mutually resolved all outstanding issues between them regarding alleged trademark infringement.   To the extent that any existing infringement continued after that time, Plaintiff acquiesced to such infringement.  Moreover, upon information and belief, Plaintiff is and has long been aware that other companies in the helmet market advertise non-Gentex products by using the term "SPH" and "SPH-4B" and that defendants are aware of such competitors' usage.  Plaintiff thus acquiesced to any similar use by defendants of the terms "SPH" and "SPH-4B."

## Eleventh Affirmative Defense
### (Laches)

53.    Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.  Upon information and belief, Plaintiff knew of any allegedly infringing uses of Plaintiff's alleged trademarks by defendants and unreasonably delayed in complaining and/or taking legal against defendants in relation to such use.  For example, on or about May 6, 2011, Plaintiff and Helicopter Helmet mutually resolved all outstanding issues between them regarding alleged trademark

infringement.   To the extent that any existing infringement continued after that time, Plaintiff's delay in bringing a claim relating to such alleged infringement is barred by laches.   Moreover, upon information and belief, Plaintiff is and has long been aware that other companies in the helmet market advertise non-Gentex products by using the term "SPH" and "SPH-4B" and that defendants are aware of such competitors' usage.   The doctrine of laches thus bars Plaintiff's claims against Abbott for any similar use by Abbott of the terms "SPH" and "SPH-4B."

**Twelth Affirmative Defense**
**(Estoppel)**

54.   Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel.   Upon information and belief, Plaintiff knew of any allegedly infringing uses of Plaintiff's alleged trademarks by Abbott and permitted them to continue, and Abbott reasonably relied on such actions or inaction by Plaintiff in conducting Abbott's role with defendants.   For example, on or about May 6, 2011, Plaintiff and Helicopter Helmet mutually resolved all outstanding issues between them regarding alleged trademark infringement.   To the extent that any existing infringement continued after that time, Plaintiff is equitably estopped from bringing a claim now based on such infringement.   Moreover, upon information and belief, Plaintiff is and has long been aware that other companies in the helmet market advertise non-Gentex products by using the term "SPH" and "SPH-4B" and that Abbott is aware of such competitors' usage.   Plaintiff is thus equitably

estopped from raising claims against Abbott for any similar use by Abbott of the terms "SPH" and "SPH-4B."

## Thirteenth Affirmative Defense
### (Waiver)

55.    Plaintiff's claims are barred in whole or in part by the equitable doctrine of waiver.  Upon information and belief, Plaintiff knew of any allegedly infringing uses of Plaintiff's alleged trademarks by Abbott in his role with defendants, and waived any claims regarding such use.  For example, on or about May 6, 2011, Plaintiff and Helicopter Helmet mutually resolved all outstanding issues between them regarding alleged trademark infringement.  To the extent that any existing infringement continued after that time, Plaintiff waived any claims relating to such infringement.  Moreover, upon information and belief, Plaintiff is and has long been aware that other companies in the helmet market advertise non-Gentex products by using the term "SPH" and "SPH-4B" and that Abbott is aware of such competitors' usage.  Plaintiff thus waived any claims relating to any similar use by Abbott of the terms "SPH" and "SPH-4B."

## Fourteenth Affirmative Defense
### (Consent/License)

56.    Plaintiff consented to Abbott's allegedly infringing actions.  Upon information and belief, Plaintiff knew of any allegedly infringing uses of Plaintiff's alleged trademarks by Abbott in his role with defendants, and consented – either

explicitly or implicitly – to such use.  For example, on or about May 6, 2011, Plaintiff and Helicopter Helmet mutually resolved all outstanding issues between them regarding alleged trademark infringement.  To the extent that any existing infringement continued after that time, Plaintiff consented to such infringement. Moreover, upon information and belief, Plaintiff is and has long been aware that other companies in the helmet market advertise non-Gentex products by using the term "SPH" and "SPH-4B" and that Abbott is aware of such competitors' usage. Plaintiff thus consented to any similar use by Abbott of the terms "SPH" and "SPH-4B."

### Fifteenth Affirmative Defense
**(Unclean Hands)**

57.    Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands due to the conduct alleged herein.

### Sixteenth Affirmative Defense
**(Failure to Mitigate)**

58.    Upon information and belief, Plaintiff has failed to mitigate its damages, if any.

### Seventeenth Affirmative Defense
**(Fair Use)**

59.    To the extent Plaintiff Gentex has alleged "trademark infringement" under 15 U.S.C. § 1114(1) in Count I of its Second Amended Complaint, or "common  law infringement" under Count V of the Second Amended Complaint,

any such use of Gentex's marks by Defendant Abbott was a "fair use" that defeats those counts for "trademark infringement."

60.     To the extent Plaintiff Gentex has alleged "unfair competition" under 15 U.S.C. § 1125(a) in Count II of its Second Amended Complaint, or under Count III of its Second Amended Complaint for state law "unfair competition," any such use of Gentex's marks by Defendant Abbott was a "fair use" that defeats those counts for "unfair competition."

### Eighteenth Affirmative Defense
### (Failure to State a Claim)

61.     To the extent Plaintiff Gentex has alleged a state law claim for "unfair competition" under the Federal Court's supplemental jurisdiction in Count III of its Second Amended Complaint, the count fails to state a claim upon which relief can be granted because the facts have not been pleaded with enough particularity to meet the threshold of plausibility required by Fed. R. Civ. P. 8.

### Nineteenth Affirmative Defense
### (Pre-Emption of State Law Claim for Unfair Competition)

62.     To the extent Plaintiff Gentex has alleged a state law claim for "unfair competition" under the Federal Court's supplemental jurisdiction in Count III of its Second Amended Complaint, the count fails to state a claim upon which relief can be granted to the extent the purported state law claim is pre-empted by the Federal Lanham Act, 15 U.S.C. § 1051 et seq.

## Twentieth Affirmative Defense
### (Bar of Double Recovery)

63.     To the extent Plaintiff Gentex has alleged a state law claim for "unfair competition" under the Federal Court's supplemental jurisdiction in Count III of its Second Amended Complaint, the count fails to state a claim upon which relief can be granted because Plaintiff is not entitled to double recovery of damages, and/or Plaintiff must otherwise make an election of remedies.

## Twenty-First Affirmative Defense
### (Failure to State a Claim)

64.     To the extent Plaintiff Gentex has alleged a state law claim for "unjust enrichment" under the Federal Court's supplemental jurisdiction in Count IV of its Second Amended Complaint, the count fails to state a claim upon which relief can be granted because there is no allegation of how Plaintiff conferred a benefit upon Defendant Abbott such that it would be equitable to impute a contract between Plaintiff and Defendant.

## Twenty-Second Affirmative Defense
### ("Unjust Enrichment" Is Barred by the "Gist of the Action" Doctrine)

65.     To the extent Plaintiff Gentex has alleged a state law claim for "unjust enrichment" under the Federal Court's supplemental jurisdiction in Count IV of its Second Amended Complaint, the count fails to state a claim upon which relief can be granted because the averments of Counts I, II and III are incorporated by reference into Count IV, and the averments of Counts I, II and III sound in tort law,

such that the gist of Plaintiff's Second Amended Complaint is a tort action, and therefore the same facts should not be construed to allow a claim for an implied contract.

## COUNTERCLAIMS

66.     Defendant and Counterclaim-Plaintiff Ronald Abbott ("Abbott" or "Counterclaim-Plaintiff") is an adult individual who resides in South Carolina, and he is a principal in the company known as Helicopter Helmet LLC (which is a co-defendant in this case).   Abbott has been hauled into Court in the Middle District of Pennsylvania by virtue of the Complaint, Amended Complaint (Dkt. No. 8) and Second Amended Complaint (Dkt. No. 61) filed in this case.

67.     Plaintiff and Counterclaim-Defendant Gentex Corporation ("Gentex") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 324 Main Street, Carbondale, PA.

68.     Gentex is the Plaintiff that originated this action that hauled Abbott into Court in the Middle District of Pennsylvania.

69.     According to the Second Amended Complaint, ¶ 9, Gentex owns and continues to use a federally-registered trademark, "Gentex," Registration No. 3,505,343, issued by the U.S. Patent and Trademark Office.

70.     According to the Second Amended Complaint, ¶ 9, Gentex owns and continues to use a federally-registered trademark, "GENTEX," Registration No. 606,758, issued by the U.S. Patent and Trademark Office.

71.     According to the Second Amended Complaint, ¶ 12, Gentex owns and continues to use a federally-registered trademark, "SPH-4," Registration No. 991,107, issued by the U.S. Patent and Trademark Office.

72.     According to the Second Amended Complaint, ¶ 12, Gentex owns and continues to use a federally-registered trademark, "SPH-5," Registration No. 1,490,008, issued by the U.S. Patent and Trademark Office.

73.     All affirmative allegations by Defendant Abbott in the foregoing Answer and Affirmative Defenses are re-alleged and incorporated by reference into the following Counterclaims.

74.     By virtue of the Counterclaims set forth herein, Counterclaim-Plaintiff Abbott seeks a Declaratory Judgment and Court Order providing for cancellation of Gentex's asserted trademark registrations under authority of the Lanham Act, 15 U.S.C. §§ 1064(3) and 1119, and 28 U.S.C. § 2201.

75.     This court has jurisdiction over Counterclaim-Plaintiff Abbott's claims for cancellation of marks and declaratory judgment under 28 U.S.C. §§ 1331 and 1338(a).

## COUNTERCLAIM COUNT I
### (Cancellation of U.S. Trademark Registration No. 3,505,343)

76.    Counterclaim-Plaintiff seeks cancellation of the registration for the mark "Gentex," Reg. No. 3,505,343, on any one of numerous alternative grounds including the fact that such mark has lost (or never had) entitlement to registration due to the fact that it is generic or simply descriptive, or has become so over time.

## COUNTERCLAIM COUNT II
### (Cancellation of U.S. Trademark Registration No. 606,758)

77.    Counterclaim-Plaintiff seeks cancellation of the registration for the mark "GENTEX," Reg. No. 606,758, on any one of numerous alternative grounds including the fact that such mark has lost (or never had) entitlement to registration due to the fact that it is generic, or has become so over time, and that the mark was amended post-registration in violation of Section 7(e) of the Trademark Act, 15 U.S.C. §1057(e), so as to materially alter the character of the originally-registered mark.

## COUNTERCLAIM COUNT III
### (Cancellation of U.S. Trademark Registration No. 991,107)

78.    Counterclaim-Plaintiff seeks cancellation of the registration for the mark "SPH-4," Reg. No. 991,107, on any one of numerous alternative grounds including abandonment, non-use, and the fact that such mark has lost (or never had) entitlement to registration because it is generic, or has become so over time.

## COUNTERCLAIM COUNT IV
### (Cancellation of U.S. Trademark Registration No. 1,490,008)

79.     Counterclaim-Plaintiff seeks cancellation of the registration for the

mark "SPH-5," Reg. No. 1,490,008,  on any one of numerous alternative grounds

including abandonment, non-use, and the fact that such mark has lost (or never

had) entitlement to registration because it is generic, or has become so over time.

## COUNTERCLAIM COUNT V
### (Declaratory Judgment of No Protectable Interest or Trademark Rights in Terms "SPH," "SPH-3," and "SPH-4B")

80.     There is a substantial and continuing controversy between Plaintiff

and Counterclaim-Plaintiff, and a declaration of rights under the Declaratory

Judgment Act (22 U.S.C. § 2201-2202) is both necessary and appropriate to

establish that Plaintiff has no protectable interest or trademark rights in one or

more of the unregistered terms SPH, SPH-3, and SPH-4B, on the grounds that one

or more of such terms are generic or simply descriptive, or have become so over

time, or that Plaintiff has abandoned any trademark rights in one or more of such

terms.

## COUNTERCLAIM COUNT VI
### (Exceptional Case)

81.     The conduct of Gentex giving rise to the requested declaratory

judgment and cancellation of its registrations was exceptional such as to justify an

award of counsel fees and expenses to Counterclaim-Plaintiff Abbott under 15 U.S.C. § 1117(a).

WHEREFORE, having fully answered and counterclaimed, Defendant and Counterclaim-Plaintiff Abbott prays for judgment in his favor, and that the Second Amended Complaint be dismissed with prejudice; that judgment be granted to Abbott on his counterclaims; that the trademark registrations of Gentex, namely, Reg. No. 3,505,343, Reg. No. 606,758, Reg. No. 991,107, and Reg. No. 149,008, be ordered cancelled and unenforceable; that a declaratory judgment be entered that Gentex has no protectable interest or trademark rights in any of the unregistered terms SPH, SPH-3, and SPH-4B; and that he be awarded his attorneys' fees plus the costs and expenses of this action.

Respectfully submitted,

LAW OFFICES OF BRUCE J. CHASAN, LLC

s/Bruce J. Chasan
Bruce J. Chasan (PA I.D. No. 29227)
Two Penn Center – Suite 312
1500 JFK Boulevard
Philadelphia, PA 19102
Phone:  (215) 567-4400
Fax: (215) 565-2882
Email:     bjchasan@brucechasanlaw.com

FENNO LAW FIRM, LLC

s/Edward T. Fenno
Edward T. Fenno (*pro hac vice*)
(SC Fed. ID No. 7498)
Christina B. Humphries (*pro hac vice*)
(SC Fed. ID No. 9984)
171 Church Street, Suite 160
Charleston, South Carolina 29401
Telephone: (843) 720-3747
Facsimile: (843)577-0460
Email:      efenno@fennolaw.com
            chumphries@fennolaw.com


MAHLER LAW FIRM, LLC

s/Eric N. Mahler
Eric N. Mahler (Fed. ID No. PA81262)
Kelly Ciravolo (Fed. ID No. PA200565)
575 Pierce Street, Suite 501
Kingston, Pennsylvania 18704
Telephone: (570) 718-1118
Facsimile: (570) 718-1119
Email:      eric.mahler@mahlerlohin.com
            kelly.ciravolo@mahlerlohin.com


Dated:  April 4, 2014          *Attorneys for Defendant Ronald Abbott*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENTEX CORPORATION,** | : | **NO.: 2012-CV-2549** |
| | : | **(JUDGE BRANN)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **RONALD ABBOTT,** | : | |
| **HELICOPTERHELMET.COM and** | : | |
| **HELICOPTER HELMET LLC,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

---

## CERTIFICATE OF SERVICE

---

This is to certify that I have this 4th day of April, 2014 served a copy of the foregoing **Amended Answer, Affirmative Defenses and Counterclaims of Defendants Ronald Abbott to Plaintiff's Second Amended Complaint (Dkt. No. 61)** upon all counsel of record by ECF electronic filing through the Court's web site as follows:

Daniel T. Brier, Esquire
Donna A. Walsh, Esquire
Michael J. Asbell, Esquire
Myers Brier & Kelly, LLP
Post Office Box 551
Scranton, Pennsylvania 18501

/s/ Bruce J. Chasan
*Attorney for Defendant Ronald Abbott*