

April 4, 2014

**VIA ELECTRONIC CASE FILING**

Honorable Matthew W. Brann
U.S. District Court for the Middle
  District of Pennsylvania
240 West Third Street, Suite 320
Williamsport, PA 17701

        Re:    Gentex Corporation v. Ronald Abbott, et al. - No. 3:12-CV-2549

Dear Judge Brann:

        This office represents Plaintiff Gentex Corporation in the above-referenced matter. I am writing to request a telephone conference to address Defendants' Second Joint Request for Production of Documents which was served on March 7, 2014. There are 110 separate requests for records in Defendants' Second Joint Request for Production of Documents. Together with the First Request for Production of Documents which was served on November 20, 2013 and the Third and Fourth Joint Requests for Production of Documents which were served on March 21, 2014 and March 31, 2014, respectively, Defendants have served a total of 231 separate requests for documents as of the date of this letter. When the issue of setting a limit on document requests was raised at the Case Management Conference on October 30, 2013, counsel for the Defendants argued that declining to establish a limit would result in a more efficient discovery process. This has not been the case. To the contrary, Defendants have requested broad categories of documents spanning decades to cause undue burden and expense. For example, Defendants seek "all documents which relate to, refer to or comment on the amount of gross revenues, profit margins obtained, and the costs associated therewith" for all of Gentex's products (Defs.' Second Joint Request for Production of Docs. ¶ 4), "[a]ll documents which detail the deductions from gross sales to arrive at net sales including deductions for discounts, chargebacks, returns, rebates and other fees," (id. ¶ 16), and "[a]ll documents summarizing the capital structure of GENTEX or its predecessors. . . ." (id. ¶ 79). Given the sheer number of requests as well as their breadth, we requested a 30-day enlargement of time to serve objections and responses to the discovery requests. Defendants will not agree to such a compromise. Instead, Defendants offered a 30-day enlargement of the deadline to serve responsive documents if Gentex Corporation will agree to waive all objections and join in a request for a 90-day enlargement of the discovery deadline.

*Honorable Matthew W. Brann*
*April 4, 2014*
*Page 2*

      We respectfully request a telephone conference to address the deadline for Gentex Corporation to serve its objections and responses as well as a reasonable limit on the number of document requests.

                      Respectfully,

                      Donna A. Walsh

cc:    Bruce J. Chasan, Esquire (via Electronic Case Filing)
        Edward T. Fenno, Esquire (via Electronic Case Filing)
        Eric N. Mahler, Esquire (via Electronic Case Filing)